IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **KIM BYERS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MIDWEST TERMINAL, INC.** )<br>)<br>**Defendant.** ) | Civil Action, Case No.: 5:09CV-10-R<br><br>**JURY DEMAND** |

## COMPLAINT

COMES NOW the Plaintiff, Kim Byers, by and through her undersigned counsel, and for her Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2. Ms. Byers is a resident of McCracken County, Kentucky. Ms. Byers was, at all relevant times, an employee of Defendant Midwest Terminal, Inc. at its facility in Paducah, Kentucky. At the time of such employment, Ms. Byers, a female, was forty years of age.

3. Defendant is a Kentucky corporation with its principal office at P.O. Box 959, 725 N. 5th Street, Paducah, KY 42002. Its registered agent for service of process is Michael D. Smith, who may be served at P.O. Box 959, 725 N. 5th Street, Paducah, KY 42002.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal claims brought by Ms. Byers pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Ms. Byers' state-law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Byers in McCracken County, Kentucky, which is located within this judicial district.

6. Ms. Byers filed a timely charge of discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A. Ms. Byers received a Notice of Right to Sue from the EEOC with respect to the charges set forth below less than ninety days prior to the filing of this Complaint. A copy of Ms. Byers' Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Beginning on or about August 18, 2003 until her termination, Ms. Byers worked as a Fuel Delivery Driver for Defendant. During her employment, Ms. Byers was the only female employed as a driver by Defendant.

8. As a Fuel Delivery Driver, Ms. Byers was responsible for unloading fuel from rail cars, loading both standard and shorter bobtail trucks with fuel, driving those trucks to customer locations, lifting and applying appropriate hoses to dispense the correct fuels to each customer, and various other tasks.

9. Ms. Byers at all times performed her job competently.

10. Throughout her employment, male employees and supervisors made derogatory comments to and about Ms. Byers and stated that Ms. Byers should not work for Defendant because she was a woman.

11. Defendant gave Ms. Byers the toughest, most physically rigorous jobs. When a hard or dirty job became necessary, Defendant removed Ms. Byers from the job she was performing and assigned her the harder job while giving a male employee the easier job Ms. Byers had been originally assigned. On many such occasions, when a male employee was riding with Ms. Byers, Defendant would remove the male employee before assigning Ms. Byers to perform the harder job on her own. Defendant also arranged employee routes so that Ms. Byers had to drive the route going farthest away from Defendant's facility.

12. In August 2007, Ms. Byers injured her back while opening a lid to unload a rail car. Pursuant to medical advice, Ms. Byers was placed off work indefinitely on workers' compensation leave.

13. Defendant's safety director called Ms. Byers repeatedly while she was on workers' compensation leave demanding that she return to work immediately. Ms. Byers' doctor released her to work with light-duty restrictions in November 2007. These restrictions were necessary because Ms. Byers, as a result of her injury, was substantially limited in her ability to lift, carry, pull, climb, bend, and work, among various other daily activities.

14. Defendant has allowed male and younger employees to perform light-duty work after they have been injured. Defendant, however, refused to permit Ms. Byers to perform light-duty work as it had allowed its male and younger employees to do.

15. When Ms. Byers returned to work in February 2008, Defendant assigned her the hardest jobs and hardest loads. After one week of this very difficult work, Ms. Byers told a management official that these work assignments were re-injuring her back. The manager told her to keep doing the work as assigned.

16. In her second week of work after her injury, Ms. Byers complained directly to her supervisor. The supervisor then removed her from the heavy lifting and strenuous work she had been assigned and ordered her instead to do a daily run to Memphis. The supervisor, however, combined this run with other tasks, resulting in a work day of more than thirteen hours.

17. Male and younger employees have been assigned to do the Memphis run alone as their job assignment, resulting in a work day of approximately eight hours. Further, Defendant has taken injured male employees off that run and allowed them to do only local trips while they healed.

18. Defendant suspended Ms. Byers on February 19, 2008 when another driver claimed Ms. Byers slammed his finger in the door of his truck while they were waiting in line to unload at the Memphis terminal.

19. Ms. Byers did not slam the other driver's finger in his door as he claimed or engage in any other inappropriate actions toward that driver.

20. Defendant's management employees acknowledged in speaking with Ms. Byers that she did not engage in the conduct claimed by the other driver.

21. Nevertheless, on or about March 6, 2008, Defendant terminated Ms. Byers.

22. Defendant's disparate treatment of Ms. Byers was because of her gender, because of her disability, and/or because of her age.

23. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

24. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Ms. Byers has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

### COUNT I

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

25. Ms. Byers realleges and incorporates herein the allegations contained in Paragraphs 1 – 24.

26. Defendant's actions alleged herein constitute discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

27. Ms. Byers' sex was a motivating factor in Defendant's treatment of her.

28. Defendant's actions on the basis of Ms. Byers' sex were willful and knowingly committed.

29. As a direct and proximate result of Defendant's adverse treatment of Ms. Byers in violation of the Title VII of the Civil Rights Act of 1964, Ms. Byers was injured and suffered damages.

30. Ms. Byers has sustained a loss of back pay, benefits, incidental expenses, and front pay.

31. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Ms. Byers' federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### SEX DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

32. Ms. Byers realleges and incorporates herein the allegations contained in Paragraphs 1 – 31.

33. Defendant's conduct constitutes illegal sex discrimination in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

34. As a result of Defendant's conduct, Ms. Byers suffered damages.

## COUNT III

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

35. Ms. Byers realleges and incorporates herein the allegations contained in Paragraphs 1 – 34.

36. Defendant's actions constitute a violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*

37. Despite being aware of Ms. Byers' physical limitations and light-duty work restriction, Defendant refused to accommodate Ms. Byers.

38. Defendant's discriminatory actions against Ms. Byers were willful and knowingly committed.

39. As a direct and proximate result of Defendant's adverse treatment of Ms. Byers in violation of the Americans with Disabilities Act, Ms. Byers was injured and suffered damages.

40. Ms. Byers has sustained a loss of back pay, benefits, incidental expenses, and front pay.

41. Defendant engaged in the discriminatory practices alleged in the third cause of action with malice and/or with reckless indifference to Ms. Byers' federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT IV

### DISABILITY DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

42. Ms. Byers realleges and incorporates herein the allegations contained in Paragraphs 1 – 41.

43. Defendant's conduct constitutes illegal discrimination on the basis of a disability in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

44. As a result of Defendant's conduct, Ms. Byers suffered damages.

## COUNT V

### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

45. Ms. Byers realleges and incorporates herein the allegations contained in Paragraphs 1 – 44.

46. Defendant's actions alleged herein constitute discrimination on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

47. Ms. Byers' age was a motivating factor in Defendant's treatment of her.

48. As a direct and proximate result of Defendant's adverse treatment of Ms. Byers in violation of the Age Discrimination in Employment Act, Ms. Byers was injured and suffered damages.

49. Ms. Byers has sustained a loss of back pay, benefits, incidental expenses, and front pay.

50. Defendant's actions on the basis of Ms. Byers' age were committed willfully and with knowledge that they violated the Age Discrimination in Employment Act, entitling Ms. Byers to an award of liquidated damages pursuant to 29 U.S.C. § 626(b).

## COUNT VI

### AGE DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

51. Ms. Byers realleges and incorporates herein the allegations contained in Paragraphs 1 – 50.

52. Defendant's conduct constitutes illegal age discrimination in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

53. As a result of Defendant's conduct, Ms. Byers suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Byers respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of twelve try this cause;

3. That, upon the trial of this matter, Ms. Byers be awarded judgment for damages of the lost compensation she has suffered from the date of Defendant's discriminatory actions, in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That Ms. Byers be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

6. That costs and discretionary costs be taxed against Defendant;

7. That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 12205, 29 U.S.C. §§ 626(b) & 216(b), and Ky. Rev. Stat. § 344.450;

8. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law;

9. That Defendant be ordered to pay punitive damages pursuant to Counts I – IV in an amount to be determined at trial;

10. That Defendant be ordered to pay liquidated damages pursuant to Counts V and VI in an amount to be determined at trial; and

11. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714

Sullenger Law Office, PLLC
1324 Jefferson Street
Paducah, KY  42001
Voice: (270) 443-9401
Fax:    (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Kim Byers*